UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY D. REAVES,

        Petitioner,          Case Number: 06-11874

v.          HONORABLE PAUL V. GADOLA

GERALD HOFBAUER,

        Respondent.
_____/

## ORDER OF SUMMARY DISMISSAL WITHOUT PREJUDICE

Petitioner Anthony D. Reaves, who is presently confined at the Marquette Branch Prison in Marquette, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is incarcerated pursuant to convictions for second-degree criminal sexual conduct and larceny by conversion. In his petition, Petitioner alleges that he is being incarcerated beyond his maximum discharge date based upon a major misconduct violation, incurred while he was incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan. Petitioner argues that the finding of guilt on the major misconduct charge violated his rights under the Due Process Clause, resulting in the forfeiture of 730 days good-time credit.

A habeas petitioner is required to exhaust all available state court remedies prior to filing a petition for a writ of habeas corpus in federal court by fairly presenting the substance of each federal constitutional claim in state court. *See* 28 U.S.C. § 2254(b). A state prisoner who files a habeas corpus petition pursuant to 28 U.S.C. § 2241 must also comply with the exhaustion requirement. *See Anderson v. Haskins*, 407 F.2d 399, 400-01 (6th Cir. 1969). State prisoners in Michigan must raise each claim in the Michigan Court of Appeals and in the Michigan Supreme Court before

seeking federal habeas corpus relief. *See Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

Petitioner admits that he has not exhausted his state court remedies, but asks the Court to excuse that failure because he claims exhaustion would be futile. First, the Court considers the state-court remedies available to a petitioner who challenges the results of prison misconduct proceedings:

> To exhaust his claim, the petitioner's proper avenue is to request a rehearing of the decision with the hearings administrator at the facility where he was convicted of the major misconduct violation. *See* Mich. Comp. Laws § 791.255(1). Rehearing requests of major misconduct convictions are explicitly authorized by the Michigan Administrative Code. *See* Mich. Admin. Code § 791.3320(4). Such a request must be filed "in order to exhaust [the petitioner's] administrative remedies before seeking judicial review of the final decision or order." *Id.* Then, the petitioner has sixty days from the date of an adverse decision on his request for rehearing to file "an application for direct review" in the Michigan circuit courts. Mich. Comp. Laws § 791.255(2). That decision, in turn, must be appealed to the Michigan Court of Appeals and Michigan Supreme Court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (concluding that one full round of the state appellate process must be exhausted before a habeas petition is filed).

*Hughes v. Birkett*, 2002 WL 31750746, at *1 (E.D. Mich. Oct. 8, 2002).

Petitioner states that he sought a rehearing with the hearings administrator, which resulted in another finding of guilt. Petitioner then filed a petition for direct review in Ingham County Circuit Court. That petition was dismissed as untimely. *Reaves v. Michigan Department of Corrections,* No. 06-161-AA (Ingham County Circuit Court Apr. 6, 2006).[1] Petitioner did not appeal this decision to the Michigan Court of Appeals or the Michigan Supreme Court. Thus, his claims are unexhausted.

Petitioner asserts that he need not exhaust his state court remedies because those remedies

---

[1] In his petition, Petitioner states that a copy of the circuit court's decision dismissing the petition for direct review was attached as "Appendix 18." The decision, however, was not attached. Petitioner filed an "Amended Issues and Amended Appendix" on May 12, 2006. The Ingham County Circuit Court's decision is included as Appendix 18 to that pleading.

are ineffective. In support of his claim that he should not be required to exhaust his state court remedies, Petitioner argues that he has been seeking relief in state court since June 2004, but no state court has yet reviewed the merits of his claim. The exhaustion requirement may be excused where there is no opportunity to obtain relief in state court, or if the process to do so is so deficient as to render futile any effort to obtain relief in state court. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). An inordinate delay in adjudicating state court claims where the state is clearly responsible for the delay may excuse the exhaustion requirement. *Workman v. Tate*, 957 F.2d 1339, 1344 (6th Cir. 1992) (excusing exhaustion where post-conviction motion "languished" in state court for more than three years). *See also Tinsley v. O'Dea*, 1998 WL 124045, at *1-2 (6th Cir. 1998) (holding that a 60-month delay in adjudicating a post conviction motion would not serve to excuse the exhaustion requirement; but also stating that the same delay in adjudicating a direct appeal would have been inordinate); *White v. O'Dea*, 1997 WL 693060, at *1 (6th Cir. 1997) (holding eight-month delay in adjudicating post-conviction motion was not inordinate); *Harris v. Champion*, 48 F.3d 1127, 1132 (10th Cir. 1995) (holding that state appellate court process will be deemed ineffective if the state has been responsible for a delay of more than two years in adjudicating a habeas petitioner's direct criminal appeal).

In this case, Petitioner has failed to show an inordinate delay attributable to the state. Most of the delay in the Ingham County Circuit Court's adjudication of the petition for judicial review is attributable to Petitioner. Petitioner was granted two extensions of time to comply with the filing fee requirements, but failed to do so. He has failed to show any other delay in state court proceedings which may be attributed to the state. Thus, the Court declines to excuse the exhaustion requirement.

In addition, to the extent that Petitioner claims that the exhaustion requirement should be excused because the Michigan appellate courts will not grant him relief, the Court will not excuse exhaustion on that basis.  A claim that an appeal to the Michigan appellate court may be unsuccessful does not mean that exhaustion would be futile.  *See Godbolt v. Russell*, 82 Fed. Appx. 447, 449-50 (6th Cir. 2003).  Accordingly, the Court finds that Petitioner's claims are unexhausted.

Where a petition contains both exhausted and unexhausted claims, the Sixth Circuit Court of Appeals has held that a district court may dismiss the unexhausted claims, retain jurisdiction over the exhausted claims, and stay proceedings pending exhaustion.  *Griffin v. Rogers*, 308 F.3d 647, 652, n.1 (6th Cir. 2002).  *See also Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (finding "eminently reasonable" district court's holding dismissing unexhausted claims in habeas petition and staying proceedings on the remaining claims pending exhaustion of state court remedies).  The Sixth Circuit Court of Appeals also has approved a district court's dismissal of a mixed petition where the district court's order of dismissal provided safeguards such that the dismissal would not jeopardize the timeliness of a future habeas petition.  *Hargrove v. Brigano*, 300 F.3d 717, 719-21 (6th Cir. 2002).

In this case, the petition contains no exhausted claims over which the court may retain jurisdiction.  Thus, the Court finds the most reasonable approach to be a dismissal without prejudice so that Petitioner may pursue exhaustion of his state court remedies.

The Court is mindful that, in dismissing a petition without prejudice, a district court must not "'jeopardize the timeliness of a collateral attack.'"  *Palmer*, 276 F.3d at 781, *quoting Zarvela v. Artuz*, 254 F.3d 374, 380 (2d Cir. 2001).  The Court, thus, shall adopt the safeguards approved by

4

the Sixth Circuit in *Hargrove*.  The Court shall dismiss the petition without prejudice and the one-year limitations period shall be tolled from the date Petitioner filed his petition, April 17, 2006, until Petitioner returns to federal court.  This tolling of the limitations period is conditioned upon Petitioner "pursu[ing] his state remedies within thirty days of [this court's Order] and return[ing] to federal court within thirty days of exhausting his state remedies."  *Hargrove*, 300 F.3d at 718.

Accordingly, for the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1) shall be tolled from April 17, 2006, until the time Petitioner returns to federal court to pursue habeas relief, provided that Petitioner pursues exhaustion of his state court remedies within thirty days from the date of this order and returns to federal court within thirty days of exhausting those remedies.

Dated:  May 31, 2006

s/Paul V. Gadola
HONORABLE PAUL V. GADOLA
UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on     June 1, 2006    , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:                                                                                                          , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:         Anthony Reaves            .

s/Ruth A. Brissaud
Ruth A. Brissaud, Case Manager
(810) 341-7845

---